**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                **v.**        **08-CR-69S(Sr)**

**MAJOR ANTHONY NEWTON,**

      **Defendant.**
─────────────────────────────

## DECISION AND ORDER

      This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions.  Dkt. #60.

## PRELIMINARY STATEMENT

      Before the Court is defendant Major Anthony Newton's omnibus motion

for discovery.  Dkt. #126.  In addition to the relief sought in their own separately filed

motions, each of which will be the subject of a separate Decision and Order,

defendants Quentin Leeper, Ronquike Maisonet and Dion D. Knight join in the

aforementioned motion filed by defendant Major Anthony Newton.  *See* Dkt. ## 114,

125, and 127.  Defendant Major Anthony Newton similarly seeks this Court's permission

to join in the motions filed by defendants Quentin Leeper, Ronquike Maisonet and Dion

D. Knight.  Thereafter, the government filed a consolidated response to all of the

pending motions, including the above-described motion for discovery.  Dkt. #132.  At

the conclusion of its consolidated response, the government has made a request for

reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. *Id.* Each of the defendant's requests and the government's response will be separately addressed below using the headings set forth in defendant's motion. The following Decision and Order will principally address defendant Major Anthony Newton's motion for discovery but will apply with equal force to those defendants who have "joined" in the relief sought by defendant Major Anthony Newton. The Court notes that the motion filed by defendant Major Anthony Newton's attorney also included a motion to suppress electronic evidence obtained pursuant to an electronic eavesdropping warrant; this Court's Report, Recommendation and Order concerning defendant Major Anthony Newton's motion to suppress (as well as a motion to suppress filed by defendant Quentin Leeper (Dkt. #114)) was filed on August 12, 2009. Dkt. #160. For the following reasons, defendant's motion for discovery is granted in part and denied in part.

## DISCUSSION AND ANALYSIS

Defendants Quentin J. Leeper, Ronquike E. Maisonet, Raymond A. Hodnett, Major Anthony Newton, and Dion D. Knight are charged along with six co-defendants in a multi-count Superceding Indictment with having violated Title 21, United States Code, Sections 841(a)(1), 846 and 853(a) and Title 18, United States Code, Section 2. Dkt. ## 1 (Indictment) and 66 (Superceding Indictment). With respect to outstanding discovery, the government states:

> [t]he government contends that it had provided, pursuant to
> voluntary discovery and requests made by defendants, the
> wiretap application, affidavit, warrant, sealing order, search

> warrant and inventories and affidavits thereto, preliminary laboratory reports, two DVDs containing all pertinent conversations, and transcripts thereof, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete.

Dkt. #132, ¶ 4 (internal footnote omitted).


## **"Motion for Discovery and Inspection"**

By this "motion," defendant seeks the production of seventeen (17) categories of documents pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Dkt. #126, pp.4-8. As a threshold matter, the Court notes that the defendant, through his counsel, received a disclosure memorandum and enclosed materials dated April 4, 2008, as well as a May 9, 2008 letter detailing the pre-trial disclosures made. Notwithstanding the foregoing, defendant Newton seeks the production of the following seventeen (17) categories of documents: (a) written or recorded statements made by the defendant; (b) the substance of any oral statements made by the defendant; (c) any Grand Jury testimony of defendant Newton; (d) defendant Newton's criminal history arrest reports, notes, and investigative reports; (e) the inspection/copying/photographing of any books, papers, documents, photographs, tangible objects, building or places in the possession, custody or control of the government; (f) reports or results of physical or mental examinations, scientific tests of experiments; (g) co-conspirator statements; (h) police and conviction records of all government witnesses; (i) evidence of "any dealing with or promises or inducements to prospective Government witnesses"; (j) notice of government's intention to use any

evidence which the defendant may be entitled to suppress; (k) *Brady* material; (l) FRE 404(b) material relating to the defendant; (m) notice of the government's intent to use FRE 404(b) evidence relating to the defendant; (n) recordings obtained from electronic surveillance attributable to any unindicted co-conspirator; (o) FRE 404(b) material relating to any government witness; (p) evidence of any threats or coercion, direct or indirect, express or implied, relating to any government witness; and (q) expert witness disclosures.  Each of the seventeen (17) categories of documents requested by the defendant will be separately addressed below.

        **(a)    Written and Recorded Statements of Defendant**
        **(b)    Oral Statements Made by Defendant**
        **(c)    Grand Jury Testimony of Defendant**

By these requests, defendant Newton seeks the production of any written, recorded, oral or observed statement made by him, including any statements made before or after his arrest and any Grand Jury testimony.  In its response, the government states, "[a]ll written and recorded statements of defendant have been provided or will be provided, as well as the substance of any oral statements made by each defendant before and after arrest in response to interrogation by any person known to the defendant to be a government agent."  Dkt. #132, ¶ 4.  Based upon the government's response that it has previously produced or will produce statements of the defendant, that portion of defendant's request relating to such statements is DENIED as moot.

**(d)** **Defendant's Criminal History**, **Arrest Reports, Notes and Dispatch Tapes**

The defendant seeks copies of his prior criminal history. Dkt. #126, p.5. In its response the government agrees to disclose the conviction records of all witnesses it intends to call at trial, as well as the arrest records of each of the defendants. Dkt. #132, ¶ 7. In addition, the defendant requests the production of "all arrest reports, notes and dispatch or any other tapes or 911 tapes that relate to the circumstances surrounding his arrest or any questioning." Dkt. #126, p.5. Although not specifically limited to the circumstances surrounding the arrest in connection with the pending Indictment, the Court will treat this request as limited to only those items relating to the defendant's arrest in this matter. With respect to investigative reports, the government indicates that such documents will be produced only insofar as disclosure is required pursuant to the *Jencks* Act. Dkt. #132, ¶ 8. Based upon the government's representations that the conviction records of all defendants will be provided and that such further documents will provided consistent with the *Jencks* Act, defendant's request is DENIED as moot

**(e)** **Books, Papers, Documents, Photographs, Tangible Objects, Building, Places**

The defendant seeks an opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects, building or places in the possession, custody or control of the government. In its response the government states that,

> [it] has made available of [sic] all tangible objects obtained
> pursuant to search warrants or otherwise and will make
> available photographs material to the preparation of a
> defense or intended to be used as evidence-in-chief at trial
> or obtained from or belonging to the defendant.  The
> defendants are apprised that they can examine such
> material in the custody of the DEA and/or the Southern Tier
> Regional Drug Task Force (STRDTF) and pursuant to Rule
> 12(b)(4)(B), such evidence shall be used by the government
> against them at trial.

Dkt. #132, ¶ 6.  In addition, the government has stated that it will make available

photographs material to the preparation of a defense or intended to be used at trial.  *Id*.

Accordingly, based on the government's representations, this request is DENIED as

moot.


### (f)    Physical or Mental Examinations, Scientific Tests or Experiments

The defendant seeks the production of any reports concerning any

physical or mental examination or scientific test or experiment relating to this case.  Dkt.

#126, p.6.  In its response the government indicated that the results and reports of

physical and mental examinations and of scientific tests and experiments conducted in

connection with this matter have been made available to defendants.  Dkt. #132, ¶ 4.

Accordingly, based on the government's representation that the requested items either

have been made available or will be provided to defendant and further that defense

counsel may arrange to examine the materials in the custody of the DEA of the

STRDTF, defendant's requests are DENIED as moot.

**(g)      Statements of Co-conspirators**

The defendant seeks the production of "all statements of any co-conspirators, whether or not indicted, either recorded or unrecorded, oral or written, signed or unsigned, made to persons other than the Government agents which are relevant to the crimes charged." Dkt. #126, p.6. The government has declined to produce such statements on the grounds that the production of such statements is "outside the purview of Rule 16." See Dkt. #132, ¶ 4 and n.3. While Rule 16 of the Federal Rules of Criminal Procedure provides for liberal discovery of the defendant's own statements, Rule 16 does not authorize the disclosure of statements made by co-conspirators, co-defendants or witnesses. *See United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974). Indeed, Rule 16(a)(2) states:

> **Information Not Subject to Disclosure.** Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2).


The government further stated in its response that it will disclose written statements of witnesses and investigative agency or police department memoranda of interviews with witnesses consistent with the requirements set forth in Title 18, United States Code, Section 3500 (*Jencks* Act). The Court notes that the government has

represented that *Jencks* Act material will be produced no later than one week prior to the commencement of trial. Finally, the government has declined to provide the defendant with statements and the identities of persons interviewed and not intended to be called to testify by the government. Dkt. #132, ¶ 8. Accordingly, defendant's request for the production of witness statements is DENIED, except insofar as those statements may otherwise be subject to disclosure pursuant to the *Jencks* Act.

### (h)    Police and Conviction Records of All Government Witnesses

By this request the defendant seeks the police and conviction records of all witnesses the government intends to call to testify in its direct case and in rebuttal. Dkt. #126, p.7. The government has agreed to disclose the conviction records at trial of all witnesses it intends to call to testify at trial. Dkt. #132, ¶ 7. The government further stated that it will provide evidence of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609 which may be used as impeachment material, "consistent with its disclosure of <u>Jencks</u> material." Dkt. #132, ¶ 13. Thus, this request is DENIED as moot.

### (i)    Promises of Leniency or Inducements
### to Prospective Government Witnesses

The defendant seeks the production of "[t]he full and complete extent of any dealing with or promises or inducements to prospective Government witnesses in this case made by Government attorneys, agents and employees, including any benefit(s), money or consideration given to the confidential informants and cooperating

witnesses involved in the case." Dkt. #126, p.7.  In its response the government agrees

to provide *Brady* material, including, "promises of leniency or immunity agreements with

government's witnesses, criminal records of prosecution witnesses, immoral, various or

criminal acts committed by witnesses, and prior inconsistent statements no later than

one week prior to the commencement of trial, at which time the government will

produce the <u>Jencks Act</u> material."  Dkt. #132, ¶ 16.  Accordingly, based on the

government's representations, this request is DENIED as moot.


### (j)      Notice of Government's Intention to Use Evidence Newton May Be Entitled to Move to Suppress

As part of the instant motion, defendant Newton seeks the suppression of

the electronic eavesdropping evidence obtained pursuant the electronic eavesdropping

warrant.  The substance of Newton's motion to suppress and the government's

response will be discussed separately below.  Although the government does not

specifically respond to this request, the government has provided to counsel for all the

defendants the pertinent conversations obtained pursuant to the electronic

eavesdropping warrant and transcripts.  Beyond what the government has previously

provided to counsel for the defendant; what the government has previously agreed to

provide (statements of the defendant); and that which is the subject of defendant's

motion to suppress, the record before the Court is devoid of any "notice of the

Government's intention to use any evidence which Newton may be entitled to

suppress."  Thus, in the absence of any information relating to this request from either

the government or the defendant, this request is DENIED.

## (k)     Information Favorable to the Defense

By this request, the defendant seeks, *inter alia*, what can be more specifically classified as *Brady*, *Giglio* and *Jencks* material.  Elsewhere in his motion, defendant specifically seeks *Brady*, *Giglio* and early disclosure of *Jencks* material and the Court will separately address those requests.  Also under this heading, the defendant seeks more generally, information that would be material to the preparation of his defense.

In its response, counsel for the government has acknowledged its affirmative duty to provide defendant with exculpatory evidence, as well as evidence that the defendant might use to impeach the government's witnesses.  Moreover, counsel for the government further acknowledges its continuing duty to produce such material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).   Finally, as previously noted elsewhere in this Decision and Order, the government contends that it has previously produced material in its possession which falls within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B).  Dkt. #132, ¶ 4.  Accordingly, based on the representations made by counsel for the government, defendant's request for "favorable information" is DENIED as moot.

## (l)     FRE 404(b) Material

By this request, the defendant is seeking the disclosure of all documents and other tangible objects that tend to show acts or crimes not named in the Indictment

upon which the government intends to rely to demonstrate Newton's motive,

opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or

accident. Dkt. #126, p.6. In its response, the government does notify the defendants of

its intention to offer proof during its case-in-chief of such crimes, wrongs and acts and

that such proof is both relevant and admissible pursuant to Rule 404(b) of the Federal

Rules of Evidence. To the extent not already produced or made available to the

defendant, the government states that it will provide this information consistent with its

disclosure of *Jencks* material. Dkt. #132, ¶ 13. Based on the representations made by

counsel for the government, defendant's request is DENIED as moot.

### (m) Disclosure of Government's Intent to Use FRE 404(b) Evidence

By this request, the defendant requests that the government disclose

whether it intends to use evidence of acts or crimes not named in the Indictment to

prove Newton's motive, opportunity, intent, preparation, plan, knowledge, identity or

absence of mistake or accident (FRE 404(b) evidence). Dkt. #126, p.7. In its

consolidated response to all of the pending motions, the government states,

> Rule 404(b) of the Federal Rules of Evidence permits the admission into evidence of proof of other crimes, wrongs or acts during the direct case of the government for purposes of proving such matters as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. By way of discovery in this case, the defendants have been provided with the indication that the government's intention is to offer proof that these activities are such crimes, wrongs or acts which the government intends to prove during its direct case at trial.. It is the government's position that such proof is relevant and admissible pursuant to Rule 404(b), as well as pursuant to normal evidentiary considerations concerning proof of the

> existence of and participation in the overall conspiracy
> alleged in the Indictment.

Dkt. #132, ¶ 12.  Thus, based on the government's response, this request is DENIED as moot.

### (n)    Electronic or Other Surveillance of Unindicted Co-conspirators

The defendant requests the production of "any and all actual voice records, tapes, mechanical or electronic recordings, logs, records, memoranda, letters and articles of any electronic or other surveillance as to any unindicted co-conspirators or other relevant persons."  Dkt. #126, p.8.  As a threshold matter, the government has indicated that during voluntary discovery and in response to requests, it has provided to counsel for the defendants two DVDs containing "all pertinent conversations" and transcripts.  Dkt. #132, ¶ 4.  The specific nature and substance of those conversations are unknown to the Court, however, insofar as this request relates exclusively to "unindicted co-conspirators" the parties are referred to that portion of this Decision and Order that addresses the production of statements and the identities of co-conspirators. Accordingly, this request is DENIED as moot.

### (o)    FRE 608 Evidence

By this request, the defendant seeks information revealing prior misconduct or bad acts on the part of any government witness.  This request includes all consideration or promises given to any witness.  With respect to the defendant's request for evidence of other crimes, wrongs and acts under Federal Rules of Evidence

608 and impeachment material, the government states that it will provide such information "consistent with its disclosure of <u>Jencks</u> material." Dkt. #132, ¶ 13. As noted above in sub-section (I), the government has agreed to produce "promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial, at which time the government will produce the <u>Jencks Act</u> material." Dkt. #132, ¶ 16. Accordingly, based on the government's representations, this request is DENIED as moot.

### (p)    Threats or Other Coercion Directed to Any Witness

Defendant requests "[a]ny and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, if any." Dkt. #126, p.7. Although the government does not specifically address this request in its consolidated response to all of the pending motions, this Court finds that on its face, this request is ambiguous. The request specifically states "the witness" however, no witness is identified. Moreover, equally unclear is whether the defendant is seeking information relating to threats directed toward a witness by law enforcement, a defendant or another witness. Accordingly, because the request is ambiguous and unclear it must be DENIED.

## (q)   Expert Witness Disclosure

By this request, the defendant is seeking the production of information relating to the identity of the government's expert witnesses, if any, the qualifications of any expert witness, and a summary of any expert witnesses' opinions and anticipated testimony.  Dkt. #126, p.8  In its response, the government has stated that it will comply with defendant's request for expert disclosures relating to those witnesses who will testify pursuant to Federal Rules of Evidence 702, 703 and 705.  Based on the representations made by counsel for the government, that portion of defendant's request seeking expert witness disclosures is DENIED as moot. Additionally, the government stated that it will comply with defendant's request for expert disclosures relating to those witnesses who will testify pursuant to Federal Rules of Evidence 702, 703 and 705.  Dkt. #132, ¶ 5.


## "Identification"

By this request the defendant seeks the production of all police investigative reports, complaints, evidence logs, intra-departmental memos, records and other documents maintained by any federal, state or local law enforcement agency concerning the conduct alleged in the Indictment.  Dkt. #126, pp.8-9.  In addition, the defendant seeks the production of criminal history information for the defendant and any potential witnesses.  *Id*.  In its response the government agrees to disclose the conviction records of all witnesses it intends to call at trial, as well as the arrest records of each of the defendants.  Dkt. #132, ¶ 7.  With respect to investigative reports, the

government indicates that such documents will be produced only insofar as disclosure is required pursuant to the *Jencks* Act. *Id.* at ¶ 8. Based upon the government's representations that the conviction records of all defendants and witnesses will be provided and that such further documents will provided consistent with the *Jencks* Act, defendant's request is DENIED as moot.

In addition to the foregoing information, the defendant requests that the Government examine the personnel files for any government witness, including law enforcement witnesses. In response to that portion of defendant's request for "police personnel records," the government states,

> [t]he government is unaware of any instance of conduct located in the personnel files of any prospective government witness **who is employed by the United States** which would provide exculpatory or favorable information to the defendant as suggested by defendants Quentin J. Leeper or Major Anthony Newton. The disclosure of such information, if it exists, is predicated upon a showing of materiality by the defendant as a pre-condition to its disclosure. Any ambiguities regarding disclosure should be resolved by the Court in camera.

Dkt. #132, ¶ 11 (emphasis added). The Court reminds counsel for the government that *Brady*, *Giglio* and their progeny dictate that the government's obligation to disclose material favorable to the accused extends to information that impeaches the credibility of the government's witnesses, including law enforcement witnesses, regardless of the witnesses' employer. In other words, the language in the government's response which purports to limit its obligation to only those witnesses employed by the United States is

incorrect.  Accordingly, counsel for the government is hereby directed to ensure that a proper request and review of the personnel files of all law enforcement witnesses, regardless of their employer, is conduced and that all properly discoverable information is disclosed to the defendant in a timely fashion as provided by *Brady*, *Giglio* and their progeny.

## "Eavesdropping, Wire Tap, Pen Register, Search Warrant Applications and Progress Reports"

By this request, the defendant seeks the production of all applications, affidavits and warrants for visual, electronic or other surveillance, pen registers and search warrants relating to defendants, other targets or third persons in connection with the instant Indictment.  Dkt. #126, ¶ 13.  Specifically, the defendant seeks the production of any and all progress reports, minimization requirements and sealing requirements.  As noted in the government's response and elsewhere in this Decision and Order, the government has previously provided to counsel for the defendant transcripts of the pertinent conversations obtained pursuant to the electronic eavesdropping warrant.  Dkt. #132, ¶ 4.  In addition, in his opening remarks at the December 11, 2008 oral argument, counsel for the government noted that just prior to the commencement of oral argument, he had provided counsel for the defendants with copies of, *inter alia*, progress minutes/reports that were provided to the judge who issued the underlying warrant and the minimization instructions.

In addition, the defendant requests the disclosure of all information and physical property obtained as a result of the surveillance. The government states in its response that it has made available all tangible objects obtained pursuant to the search warrants or otherwise and further, that it will make available photographs material to the preparation of a defense intended to be used at trial. Dkt. #132, ¶ 6. Moreover, the government states, "[t]he defendants are apprised that they can examine such material in the custody of the DEA and/or the Southern Tier Regional Drug Task Force (STRDTF) ..." *Id*. For the foregoing reasons, this request is DENIED as moot.

**"Other Documents"**

Defendant's request for "other documents" is essentially, a "catch-all" request seeking "[a]ny other documents, not already disclosed, in the possession, custody or control or with which by the exercise of due diligence could come within the control of the prosecution that were prepared in connection with this case or are intended to be used in the trial of the accused." Dkt. #126, p.10. As noted above, there is no constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Moreover, the government has represented to this Court that it has provided all the materials in its possession that are within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and accordingly, the government believes that discovery is complete. Dkt. #132, ¶ 4. Thus, based upon the government's representation concerning its compliance with Rules 12(b)(4)(B) and 16, defendant's request for "other documents" is DENIED as moot.

**"Photographs/Video Tapes"**

By this request, the defendant is seeking the production of all video or audio tapes made in connection with the investigation. Dkt. #126, p.10. In addition, the defendant is seeking the production of any photographs made in connection with this case and any charts, graphs, maps or drawings related to the investigation and prosecution of this case. *Id*. In its response, the government has stated that all pertinent conversations and transcripts thereof have been provided to defendants. Dkt. #132, ¶ 4. In addition, based upon the record before this Court, the Court is unaware of the existence of any discoverable video recordings. With respect to defendant's request for charts, graphs, maps or drawings, the government states in its response that it has made available all tangible objects obtained pursuant to the search warrants or otherwise and further, that it will make available photographs material to the preparation of a defense or intended to be used at trial. Dkt. #132, ¶ 6. Accordingly, based on the government's representations, this request is DENIED as moot.

**"Physical Evidence"**

By this request the defendant seeks the production of all physical evidence collected or seized in connection with this matter. In response to this request, the government states,

> [t]he government has made available of [sic] all tangible objects obtained pursuant to search warrants or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to the defendant. The defendants are apprised that they can

examine such material in the custody of the DEA and/or the
Southern Tier Regional Drug Task Force (STRDTF) and
pursuant to Rule 12(b)(4)(B), such evidence shall be used
by the government against them at trial.

Accordingly, based on the government's representation that the requested
items either have been made available or will be provided to defendant and further that
defense counsel may arrange to examine the materials in the custody of the DEA of the
STRDTF, defendant's requests are DENIED as moot.

## **"Favorable Information"**

Under a separate heading entitled "Favorable Information," defendant
seeks, *inter alia*, what can be more specifically classified as *Brady*, *Giglio* and *Jencks*
material. Elsewhere in his motion, defendant specifically seeks *Brady*, *Giglio* and early
disclosure of *Jencks* material and the Court will separately address those requests.
Also under this heading, the defendant seeks more generally, information that would be
material to the preparation of his defense.

In its response, counsel for the government has acknowledged its
affirmative duty to provide defendant with exculpatory evidence, as well as evidence
that the defendant might use to impeach the government's witnesses. Moreover,
counsel for the government further acknowledges its continuing duty to produce such
material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Finally, as previously
noted elsewhere in this Decision and Order, the government contends that it has

previously produced material in its possession which falls within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B).  Dkt. #132, ¶ 4.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.  Accordingly, based on the representations made by counsel for the government, defendant's request for "favorable information" is DENIED as moot.

**"Bill of Particulars"**

The defendant asserts that he requires a bill of particulars setting forth information concerning the conspiracy alleged in the Indictment.  Dkt. #126, pp.14-15. Specifically, the defendant seeks the identity or information sufficient to identify each

"unknown" person referenced in the Indictment, as well as, the nature of his or her relationship to any of the other defendants. In addition, the defendant seeks information to establish the precise date and place it is alleged the defendant became a member of the conspiracy, conduct alleged to have been in furtherance of the conspiracy and any other overt acts that the government intends to prove at trial that are not recited in the Indictment. *Id*. In response, the government maintains that the Indictment, together with the discovery provided is more than sufficient and that the demand for a bill of particulars is unwarranted. Moreover, the government states, "[t]he volume of discovery provided thus far in this action provides an overall picture of each defendant's culpability and actions relative to the conspiracy ... " Dkt. #132, ¶ 17.

The defendant's request for a bill of particulars is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the superceding Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72

(1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007).

**"Disclosure of Evidence Pursuant to Rules 404(b), 609"**

By this request, the defendant is seeking the disclosure of evidence of any alleged criminal or immoral conduct intended to be used against him pursuant to Federal Rule of Evidence 404(b). Dkt. #126, pp.15-16. In its response, the government does notify the defendants of its intention to offer proof during its case-in-chief of such crimes, wrongs and acts and that such proof is both relevant and admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. In addition, the government states that it will provide this information consistent with its disclosure of *Jencks* material. Dkt. #132, ¶ 13. Based on the representations made by counsel for the government, defendant's request is DENIED as moot. In addition, the defendant seeks the production of any evidence the government intends to use to impeach his credibility if he decides to testify. Dkt. #126, pp.15-16. The government has agreed to

disclose the conviction records at trial of all witnesses it intends to call to testify at trial. The government further stated that it will provide evidence of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609 which may be used as impeachment material, "consistent with its disclosure of <u>Jencks</u> material." Dkt. #132, ¶ 13. Accordingly, based on the representations made by counsel for the government, this request is DENIED as moot.

**"Disclosure of Witness Statements (Jenck's [sic] Act)"**

The defendant seeks to have this Court order that the government is to provide him with *Jencks* Act material no later than two weeks prior to the date of the trial. Dkt. #126, pp.16-17. Title 18, United States Code, Section 3500 only requires that statements of witnesses called by the government be turned over to the defendant after the witness has completed his testimony on direct examination. In its response, the government states, "[t]he government agrees to provide impeachment <u>Brady</u> material, i.e., promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial, at which time the government will produce the <u>Jencks</u> <u>Act</u> material." Dkt. #132, ¶ 16. Accordingly, it appears from the government's response to the instant motion that the government has adopted a policy of turning such information over to the defendant prior to trial, the government is hereby directed to comply with that policy, or in the alternative, produce such information in accordance with the scheduling order issued by the trial judge.

**"Suppression - Electronic Eavesdropping Under Rule 12"**

The Court notes that the motion filed by defendant Major Anthony Newton's attorney also included a motion to suppress electronic evidence obtained pursuant to an electronic eavesdropping warrant; this Court's Report, Recommendation and Order concerning defendant Major Anthony Newton's motion to suppress was filed on August 12, 2009.  Dkt. #160.

**"Joinder of Motions of the Co-Defendants"**

The defendant seeks to join in any and all motions filed or to be filed on behalf of his co-defendants. Dkt. #126, p.20.  This request is GRANTED with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**"Reservation of Rights"**

The defendant requests this Court's permission "to make further and additional motions for relief upon good cause...".   Dkt. #126, p.21.  This request is GRANTED subject to the limitations as contained in the aforesaid quote.

## The Government's Reciprocal Fed. R. Crim. P. 16(b) Request

The government has requested that the defendant permit it to inspect and copy various books, records, papers, documents, photographs and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            September 2, 2009

                                    **s/ H. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**